UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v. Case No.: 2:24-cr-161-KCD-NPM

MICKEY COLANGELO JR.,

______________________________/

**ORDER**

In 2024, Defendant Mickey Colangelo, Jr. pled guilty to a federal firearm offense. (Doc. 38.) He was sentenced to 180 months in prison. (Doc. 58.) The judgment was silent as to whether that time should run concurrently with or consecutively to any other sentence. (*Id.*)

Defendant also had state charges pending against him. In July 2025, a state court sentenced him to prison for those crimes. Pertinent here, the judge ordered that "the composite term of all sentences imposed for the counts specified in this order shall run concurrent with any active sentence being served." (Doc. 64-1.) Because Florida authorities retained primary physical custody of Defendant, he was sent to the Florida Department of Corrections to begin serving his time. He remains there today.

Concerned that the clock on his 180-month federal sentence has not yet started, he has filed a motion asking the Court to intervene. He requests an

order either transferring him to a federal facility so his sentence can commence or retroactively declaring that his federal sentence began on the day he was indicted. (Doc. 62.)

For starters, this Court "does not have authority or jurisdiction to require the [Florida] Department of Corrections to release [Defendant] to federal custody before the end of his state sentence." *United States v. Davis*, No. INALACTION1600200KDC, 2022 WL 1207816, at *1 (S.D. Ala. Apr. 21, 2022). So Defendant's request for a transfer is denied.

Defendant's alternative request for a declaration that his federal time is already running does not present a ripe issue. When his state sentence concludes and he is transferred to federal custody, the Bureau of Prisons will calculate his time. *Setser v. United States*, 566 U.S. 231, 241, 132 S. Ct. 1463, 1471, 182 L. Ed. 2d 455 (2012) ("If a prisoner . . . starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government—whether the district court or the Bureau of Prisons—that decides whether he will receive credit for the time served in state custody."). If Defendant believes the BOP has failed to give him proper credit for the time spent in state prison, he can challenge that calculation. But he must do so in the proper sequence: first by fully exhausting the BOP's administrative process, and then, if necessary, by filing a petition under 28 U.S.C. § 2241. *See United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir.

2000). For now, there is nothing the Court can do to afford Defendant the relief he seeks.

For these reasons, Defendant's letter motion (Doc. 62) is **DENIED**.

**ORDERED** in Fort Myers, Florida on September 15, 2026.

Kyle C. Dudek
United States District Judge